## JERRY LYONS *vs.* FRANK RAFFERTY.

### July 5, 1883.

**Plea in Abatement for Misnomer—Certainty required.**—A plea or answer in abatement for misnomer of defendant must be so full as to wholly exclude plaintiff's right to sue defendant by the name used. Where the name used is "Frank," an allegation by defendant that his true and only name, and the only name by which he is known and goes by, is Francis and not "Frank," is not enough, for he may have previously gone by the name of Frank, so as to be properly suable by that name.

Appeal by plaintiff from a judgment of the district court for Mower county, *Farmer*, J., presiding.

*Geo. W. Hall*, for appellant.

*J. D. Farmer*, for respondent.

GILFILLAN, C. J. Plaintiff sued defendant by the name of Frank Rafferty in replevin before H. M. Kellogg, a justice of the peace. On the return-day, the defendant appeared specially, and interposed a plea in abatement, and moved for a dismissal, for misnomer, as set forth in the plea, "in that said defendant's name is Francis Rafferty, instead of ' Frank Rafferty,' as named in the papers in this action." The motion to dismiss being overruled, to which he took exception, he answered, and, upon affidavit, moved that the cause be transferred to another justice, and it was so transferred to another, M. V. B. Scribner. Before this justice the parties appeared; the defendant appearing specially and moving to dismiss, because the certificate of the transferring justice was insufficient, and that all the original papers in the case were not returned. The justice dismissed the cause, because the word "original" is not in the certificate. The certificate appended to the transcript of docket entries sent to Justice Scribner certifies "that I have compared the foregoing with the docket entries made in the above-entitled cause, and that the same is a correct transcript therefrom, and that herein inclosed are all the papers appertaining to said cause, which are numbered from 1 to 14, inclusive." On the dismissal, the justice entered

judgment for the defendant, but refused to tax and insert his costs. Both parties appealed,—the defendant on questions of law alone, and the plaintiff upon questions of law and fact. In the district court, upon a hearing of the questions of law, that court ordered that the judgment of the justice be affirmed, and the action be dismissed for want of jurisdiction over the person of the defendant. This was error; Justice Scribner ought not to have dismissed the action. The certificate sent him by Justice Kellogg was sufficient, and there is nothing to show that any paper before him was not returned to Justice Scribner.

The defendant, however, insists that it was error in Justice Kellogg to deny the motion to dismiss for the alleged misnomer. But neither the plea nor answer alleging the misnomer, nor the affidavit appended to it, nor both, made out a sufficient case of misnomer. The plea or answer merely alleges that the defendant's name is "Francis" instead of "Frank." The affidavit states that "his true and only name, and the only name by which he is known and goes by, is 'Francis Rafferty,' and not 'Frank Rafferty.'" A plea, or anything in the nature of a plea, in abatement must be construed strictly. By examining the forms of such pleas for misnomer given by Chitty, (3 Chitty on Pl. 901, 902,) we find in all of them this statement: "without this, that he, the said C. D., now is, or at the time of exhibiting the said bill was, or ever before had been, named or called by the name of E. D." This fulness of allegation is necessary from the fact that a defendant may, up to the commencement of the action, be named, known and called by the name by which he is sued, and in such case he is properly sued by that name, though it be not his true name. An allegation of misnomer, for the purpose of abating the action, must be full enough to wholly exclude the right of plaintiff to sue defendant by the name used.

Judgment reversed.